IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| RAYMUNDO LOPEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | EP-13-CV-35 |
| | § | EP-10-CR-1937-KC-1 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## ORDER

On this day, the Court considered Raymundo Lopez's Pro Se Motion for Reconsideration of This Court's Order Denying Relief Dated December 20, 2013 (the "Motion for Reconsideration"), ECF No. 178.[1] By the Motion for Reconsideration,[2] Petitioner requests that the Court amend or alter its prior order (the "December 2013 Order"), ECF No. 171, in which the Court denied Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (the "§ 2255 Motion"), ECF No. 140. For the following reasons, the Court **DENIES** the Motion for Reconsideration.[3]

---

[1] "ECF No. __" refers to the corresponding docket entry in case number EP-10-CR-1937-KC-1 unless otherwise noted.

[2] Although the Motion for Reconsideration is styled as such, there is technically "no motion for 'reconsideration' in the Federal Rules of Civil Procedure." *See Bass v. U.S. Dep't of Agric.*, 211 F.3d 959 (5th Cir. 2000). As the Court explains below, the Court construes the Motion for Reconsideration as a motion to amend or alter a judgment pursuant to Federal Rule of Civil Procedure 59(e). *See United States v. Loga*, Criminal Action No. 3:11–CR–00062–BAJ–SCR, 2014 WL 354605, at *1 (M.D. La. 2014) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

[3] Petitioner appealed this Court's denial of the § 2255 Motion to the United States Court of Appeals for the Fifth Circuit after filing the Motion for Reconsideration but before this Court had the opportunity to rule on it. *See* ECF Nos. 187, 190. The Court nonetheless retains jurisdiction to deny the Motion for Reconsideration pending Petitioner's appeal. *See* Fed. R. App. P. 4(a)(4) (providing that "[i]f a party files a notice of appeal after the court announces or enters a judgment – but before it disposes of" a pending motion "to alter or amend the judgment under Rule 59," then "the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered"). *Accord Munoz v. United States*, 451 F. App'x 818, 819 (11th Cir. 2011) (holding that the district court "retain[s] jurisdiction over the filing of an appeal to entertain and *deny* a Rule 60(b) motion," but "the district court may not *grant* a Rule 60(b) motion while the matter is pending on

1

I.    BACKGROUND

In the § 2255 Motion, Petitioner argued that his sentence was excessive and imposed in contravention of the right to a speedy trial guaranteed by statute and the United States Constitution, and therefore that his counsel rendered ineffective assistance by failing to raise objections on those grounds. *See* § 2255 Mot. 11-25.[4] The relevant facts underlying the § 2255 Motion are set forth in the December 2013 Order and need not be repeated here. *See* Dec. 2013 Order 1-4. In the December 2013 Order, this Court denied the § 2255 Motion in its entirety and denied Petitioner a certificate of appealability. *See id.* 1-23. The Court presumes the reader's familiarity with the December 2013 Order. In ruling on the Motion for Reconsideration, the Court will use terms as they are defined in the December 2013 Order.

II.   DISCUSSION

   A.    Standard

When a petitioner under 28 U.S.C. § 2255 moves a district court to reconsider its denial of his or her petition, the court construes the motion as a motion to amend or alter a judgment under Federal Rule of Civil Procedure 59(e) instead of a successive habeas petition if it does not "attack[] 'some defect in the integrity of the federal habeas proceedings,'" but rather

---

appeal" (quoting *Mahone v. Ray*, 326 F.3d 1176, 1178 (11th Cir. 2003))); *Westbrooks v. Collins*, 992 F.2d 323 (5th Cir. 1993) (noting previous dismissal of § 2254 movant's appeal where "the district court had not yet ruled on a pending Fed. R. Civ. P. 59(e) motion"); *United States v. Munoz*, Cr. No. C–02–309(3), 2010 WL 2305480, at *1 (S.D. Tex. June 8, 2010) (denying motion to reconsider order denying § 2255 motion while appeal of that order pending before Fifth Circuit). *See also United States v. Parada*, --- F. App'x ----, 2014 WL 486221, at *1 (10th Cir. 2014) (abating appeal pending district court's disposition of § 2255 petitioner's motion for reconsideration); *Ruiz v. Bledsoe*, 510 F. App'x 105, 106 n.3 (3d Cir. 2013) (noting favorably that the district court had denied a petitioner's timely motion for reconsideration of its order while petitioner's appeal was pending). *Cf. Ruelas v. Wolfenbarger*, 580 F.3d 403, 407 (6th Cir. 2009) (holding that a district court may not grant a Rule 60(b) motion pending appeal, but that it may "'indicate [to the court of appeals] that it would grant the motion,' which would allow the appellant to 'make a motion in [the court of appeals] for a remand of the case so that the district court c[ould] grant relief'" (quoting *Pickens v. Howes*, 549 F.3d 377, 381 (6th Cir. 2008))).

[4] The court refers to the pagination assigned to the § 2255 Motion by the court's electronic docketing system, rather than to the internal pagination assigned by Petitioner.

"challenge[s] the district court's prior resolution of claims on the merits[.]" *United States v. Brown*, --- F. App'x ----, 2013 WL 6172567, at *3-4 (5th Cir. Nov. 26, 2013) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005)). *Accord United States v. Hernandez*, 441 F. App'x 275, 276 (5th Cir. 2011).

> Examples of motions attacking a defect in the integrity of the federal habeas proceedings include a claim of fraud on the court or challenges to a court's procedural ruling which precluded a merits determination, such as when a ruling is based on an alleged failure to exhaust, a procedural default, or a time-bar determination.

*Brown*, 2013 WL 6172567, at *3-4 (citing *Gonzalez*, 545 U.S. at 532 n. 4-5).

The Motion for Reconsideration does not challenge the December 2013 Order on these or other related grounds, but rather challenges this Court's prior resolution of the claims in the § 2255 Motion on the merits. *See* Mot. for Recons. 1-4. Therefore, the Court construes the Motion for Reconsideration as a motion to alter or amend the December 2013 Order under Rule 59(e), rather than as a successive habeas petition. *See Brown*, 2013 WL 6172567, at *3-4 (citing *Gonzalez*, 545 U.S. at 531-32).

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). The rule is not a "vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, Rule 59(e) serves "the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982), *aff'd* 735 F.2d 1367 (7th Cir. 1984)). "Relief under Rule 59(e) is also appropriate when there has been an

intervening change in the controlling law." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citing *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 478 (citing *Clancy v. Emp'rs Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)).

  **B.** **Analysis**

Petitioner challenges the December 2013 Order on a number of grounds. Before evaluating those challenges, however, the Court must first assess whether the Motion for Reconsideration is timely.

  **1.** **Timeliness of the Motion for Reconsideration**

Rule 59(e) requires the movant to file his or her motion to alter or amend a judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). This Court entered the December 2013 Order and a corresponding final judgment (the "Final Judgment"), ECF No. 172, on December 20, 2013. *See* Dec. 2013 Order; Final J. Petitioner did not file the Motion for Reconsideration until January 28, 2014, after the twenty-eight day deadline expired. *See* Mot. for Recons.

Petitioner requests that the Court excuse the untimeliness of the Motion for Reconsideration. Petitioner argues that he did not receive the December 2013 Order "through the prison's mail system until January 10, 2014. As such, th[e Motion for Reconsideration] is delayed in being filed, but the delay was not the fault of [Petitioner] and not the result of [Petitioner] not exercising his due diligence in his efforts to prosecute th[e Motion for Reconsideration]." Mot. for Recons. 1. The docket reflects that the clerk mailed the December 2013 Order and Final Judgment to Petitioner on December 26, 2013, *see* ECF No. 174, that

4

Petitioner received the December 2013 Order and Final Judgment on January 6, 2014, *see* ECF No. 175, and that the clerk docketed the certified mail receipt on January 10, 2014, *see* ECF No. 175. Thus, Petitioner filed the Motion for Reconsideration within 28 days of service, but not within 28 days of the entry of the December 2013 Order and Final Judgment.

Rule 59(e), by its plain terms, clearly requires the movant to file the motion within 28 days of the entry of the judgment, not within 28 days of receiving the judgment. *See* Fed. R. Civ. P. 59(e). Ordinarily, courts in the Fifth Circuit treat an untimely Rule 59(e) motion as a timely motion under Rule 60(b), which requires an even greater showing than Rule 59(e).[5] *See Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 n.3 (5th Cir. 1991) (citations omitted) (applying prior version of Rule 59(e) with an earlier deadline).

The Court need not decide whether it may excuse a movant's failure to timely file a Rule 59(e) motion when that failure stems from factors outside the movant's control, or if it must instead apply the more rigorous Rule 60(b) standard to the motion. *Compare Jackson v. Young*, 251 F. App'x 281, 282 (5th Cir. 2007) (holding that "[a] court may not extend the time for filing a [Rule] 59(e) motion," even where petitioner "avers that he was prevented from filing a timely motion . . . due to his restricted access to the prison library") *with Sonnier v. Johnson*, 161 F.3d 941, 943 n.1 (5th Cir. 1998) (holding that where a petitioner delivers a Rule 59(e) motion to

---

[5] Federal Rule of Procedure 60(b) allows a court, "[o]n motion and just terms," to "relieve a party . . . from a final judgment order, or proceeding for the following reasons:"
    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
    (6) any other reason that justifies relief.
Fed. R. Civ. P. 60(b).

prison authorities before the Rule 59(e) deadline expires, the motion is timely even if it is ultimately filed after the deadline). Even applying the more movant-friendly Rule 59(e) standard, the Court concludes that Petitioner has failed to demonstrate that the Court has committed a manifest error of law, or that an intervening change in the law changes the result reached in the December 2013 Order. *See Gilmore v. Thaler*, Civil Action No. H–11–1282, 2011 WL 5102360, at *1 (S.D. Tex. Oct. 24, 2011) (avoiding question of whether Rule 59(e) standard or Rule 60(b) standard applied to a prisoner's motion where the motion "state[d] nothing that would entitle [the] petitioner to relief under" the more movant-friendly Rule 59(e) standard).

### 2. Petitioner's excessive sentence arguments

Petitioner argues that the Court misconstrued his excessive sentence arguments and contravened binding Supreme Court precedent. According to Petitioner,

> The Court seems to predicate its denial of relief on the premise that [Petitioner] asserted that his sentence exceeded the "statutory maximum" for his offense of conviction, and this, though occurring in [Petitioner's] sentencing, is not the issue being advanced. The precise issue advanced was ". . . Trial and appellate counsel rendered ineffective assistance by failing to note and argue the sentence was excessive and based on erroneous drug quantity." . . . . [Petitioner's] excessive sentence argument, however, was based on [*Blakely v. Washington*, 542 U.S. 296 (2004), in which the Supreme Court] specifically rejected the claim that the "statutory maximum" for sentencing purposes arises from the "statute" and not the "guidelines" . . . . Petitioner was not admitting to drug quantity in excess of 1,000 kilograms, but rather he was admitting only to in excess of 100 kilograms, an entirely different Guideline sentence altogether. The sentence wsa [sic] excessive, and unconstitutional under [*Blakely*].

Mot. for Recons. 1-3.

Petitioner's argument ignores significant portions of the December 2013 Order. The December 2013 Order does explain that Petitioner's sentence did not exceed the statutory maximum, *see* Dec. 2013 Order 9-10, but continues on to explain that Petitioner's sentence was also within the correct Sentencing Guideline range. *See id.* at 10-15. As explained in the

December 2013 Order, Petitioner admitted that the offense involved a drug quantity in excess of 1,000 kilograms of marijuana by knowingly and voluntarily signing the Plea Agreement and affirming during his plea hearing that the Factual Basis was "true and correct." *See id*. at 11-12 (quoting Plea Hr'g Tr. 14). Even though Petitioner pleaded to the Information, which charged a reduced quantity of 100 kilograms or more of marijuana rather than 1,000 kilograms or more, the United States Sentencing Guidelines allow the Court to take into account "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction" as well as "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." *See id*. at 2, 10-11; U.S.S.G. § 1B1.3(a)(1) (2010). As a result, the reduced quantity in the Information only reduced the applicable maximum *statutory* sentence; it did not reduce the applicable *guideline* sentence, which was based not on the quantity of marijuana described in the Information but rather on the total amount of marijuana involved in the offense. *See* Dec. 2013 Order 9. Because Petitioner's sentence was both below the maximum statutory sentence and within the applicable guideline range, it was not excessive. *See id*. at 9-13. As such, Counsel did not render ineffective assistance in failing to object to it. *See id*. at 9-13.

Petitioner argues that this result does not accord with the result reached by the Supreme Court in *Blakely v. Washington*, 542 U.S. 296 (2004). In *Blakely*, the petitioner pleaded guilty to kidnapping in state court. *Id*. at 298. Even though "[t]he facts admitted in [the petitioner's] plea, standing alone, supported [only] a maximum sentence of 53 months[,] . . . the court imposed an 'exceptional' sentence of 90 months after making a judicial determination that he had acted with 'deliberate cruelty.'" *Id*. Although the ninety month sentence the court imposed was below the absolute maximum sentence of ten years the petitioner could receive for kidnapping under state

7

statutory law, it was above the maximum sentence that the court could impose based solely on the facts admitted in the plea agreement. *Id*. at 303. The Supreme Court held that even though the sentence imposed was below the absolute maximum statutory sentence, the court had imposed an enhanced sentence on the basis of facts not found by a jury or admitted by the petitioner, so the enhanced sentence violated the petitioner's Sixth Amendment right to a jury trial. *Id*. at 298-314.

Here, by contrast, Petitioner admitted to a Factual Basis implicating over 1,000 kilograms of marijuana, as explained above and in the December 2013 Order. The Court therefore imposed its sentence "on the basis of the facts . . . admitted by the defendant;" a result fully in accord with *Blakely*. *See* 542 U.S. at 303. This Court correctly analyzed *Blakely* and its companion cases in the December 2013 Order, *see* Dec. 2013 Order 13-14, and its analysis remains correct today.

More importantly, as also explained in the December 2013 Order, the Supreme Court has held that *Blakely* and its progeny do not apply with full force where, as here, Petitioner's sentence was increased in accordance with the Sentencing Guidelines instead of an aggravating factor established by statute. *See* Dec. 2013 Order 14-15. As noted above, the Court imposed an increased sentence on Petitioner under U.S.S.G. § 1B1.3(a)(1) (2010), which permits a sentencing court to consider both the relevant conduct of the defendant and the relevant conduct taken by others in a jointly undertaken criminal activity. *See* U.S.S.G. § 1B1.3(a)(1)(A)-(B) (2010). Because the Sentencing Guidelines are advisory rather than mandatory, a sentencing judge may, under Supreme Court precedent, find all facts relevant to the determination of a Guideline sentencing range without violating the defendant's Sixth Amendment jury right. Dec. 2013 Order 14; *United States v. Booker*, 542 U.S. 220, 245-68 (2005); *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). As noted in the December 2013 Order,

> The Court, as it was entitled to do, found by a preponderance of the evidence all

> facts relevant to the determination of Petitioner's Guideline sentencing range. Based on the Factual Basis, this Court, at Petitioner's sentencing hearing, found that Petitioner's offense implicated 1,413.11 kilograms of marijuana, even though he pleaded guilty to an offense of 100 or more kilograms. The Court accordingly imposed a sentence within the range provided by the Sentencing Guidelines for a crime involving between 1,000 and 3,000 kilograms of marijuana . . . As a result, Petitioner's sentence was proper.

Dec. 2013 Order 14-15 (internal citations omitted).

Thus, just as Counsel did not render ineffective assistance by failing to raise an excessive sentence objection, Counsel did not render ineffective assistance by failing to argue that the Court imposed Petitioner's sentence in violation of his Sixth Amendment right to a trial by jury as interpreted in *Blakely* and its companion cases. There is therefore no error, manifest or otherwise, in the December 2013 Order. The Court therefore denies the Motion for Reconsideration to that extent.

### 3.   Petitioner's intervening change in law arguments

As explained above, "[r]elief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller*, 342 F.3d at 567 (citing *Benjamin Moore & Co.*, 318 F.3d at 629). Petitioner argues that *Alleyne v. United States*, --- U.S. ----, 133 S.Ct. 2151 (2013), which the Supreme Court decided after Petitioner filed the § 2255 Motion and after the government filed its response, changes the result reached in the December 2013 Order. Mot. for Recons. 3-4. Specifically, Petitioner argues that, after *Alleyne*, "judicial fact finding by a preponderance of the evidence is not constitutionally permissible in any setting." *Id.* at 3.

In *Alleyne*, the Supreme Court reconsidered its prior decision in *Harris v. United States*, 536 U.S. 545 (2002), in which the Court "held that judicial factfinding that increases the mandatory minimum sentence for a crime is permissible under the Sixth Amendment." *Alleyne*, 133 S.Ct. at 2155. The *Alleyne* Court overruled *Harris* and decided that "[a]ny fact that, by law,

9

increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt . . . It follows, then, that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Id*.

*Alleyne*, however, addressed only *statutory* factors that raise the applicable *mandatory minimum* sentence. *See id*. at 2155-56, 2161. As explained above, Petitioner's sentence enhancement was imposed not under a statutory mandatory minimum, but rather under an advisory sentencing guideline. *Alleyne* leaves untouched the Supreme Court's decision in *Booker*, which holds that a sentencing judge may find by a preponderance of the evidence all facts relevant to the imposition of a sentence within a sentencing guideline range. *See Booker*, 542 U.S. at 245-68; *Mares*, 402 F.3d at 519.

Indeed, far from holding that "judicial fact finding by a preponderance of the evidence is not constitutionally permissible in any setting," as Petitioner argues, Mot. for Recons. 3, the *Alleyne* Court specifically noted:

> Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury. We have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment . . . Our decision today is wholly consistent with the broad discretion of judges to select a sentence within the range authorized by law.

133 S.Ct. at 2163 (citing *Dillon v. United States*, 560 U.S. 817 (2010)).

As explained above and in the December 2013 Order, this Court imposed a sentence in accordance with both applicable statutory law and the sentencing guidelines, and did so on the basis of facts admitted by Petitioner in the Plea Agreement. *Alleyne* casts no doubt on the Court's ability to do so. There has been no intervening change in law that would affect the result in the December 2013 Order, so the Court denies the Motion for Reconsideration to that extent.

### 4. Petitioner's certificate of appealability arguments

In the December 2013 Order, this Court denied Petitioner a certificate of appealability ("COA"). Dec. 2013 Order 22. Petitioner contends that

> [i]n denying COA the Court, by all appearances, did not apply the latest leading case on the district court's obligations in granting or denying COA's [sic] in habeas cases. That latest leading case is MILLER-EL V. COCKRELL, 537 US 322 [2003], and the case basically states that COA cannot be denied in a case where a habeas petitioner has stated a prima facie case for granting habeas relief. That did occur in [Petitioner]'s particular case because after the Court received and screened [the § 2255 Motion], the Court did not sua sponte DISMISS the pleading as frivolous. Rather, this Court ordered the United States to respond, which did affect [sic] a de facto issuance of the writ, which is a procedural mechanism that declares the claims made, adn [sic] the facts underlying them, are sufficient to warrant the granting of habeas relief, if true.

Mot. for Recons. 4.

In *Miller-El v. Cockrell*, 537 U.S. 322 (2003), which the Court explicitly applied in the December 2013 Order, *see* Dec. 2013 Order 22, the Supreme Court reaffirmed the principle that "a prisoner seeking a COA need only demonstrate 'a substantial showing of the denial of a constitutional right,'" and that "[a] petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his [or her] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." 537 U.S. at 327 (quoting 28 U.S.C. § 2253(c)(2); citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The petitioner in *Miller-El* set forth "substantial evidence" that the prosecution utilized racially discriminatory peremptory challenges to strike prospective jurors in his criminal case. *See id*. at 331-35, 341-48. The Supreme Court therefore agreed that jurists of reason could debate whether these challenges violated the petitioner's constitutional rights, and accordingly concluded that a COA should have issued. *Id*. at 348.

Contrary to Petitioner's characterization of *Miller-El*, the Supreme Court did not hold

11

that a COA should issue in every instance where the court does "not sua sponte DISMISS the pleading as frivolous" and instead "order[s] the United States to respond." *Compare* Mot. for Recons. 4 *with Miller-El*, 537 U.S. at 326-48. To the contrary, the *Miller-El* Court emphasized that the "issuance of a COA must not be pro forma or a matter of course. A prisoner seeking a COA must prove '*something more than the absence of frivolity*' or the existence of mere 'good faith' on his or her part." 537 U.S. at 337-38 (emphasis added) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). That this Court did not find the § 2255 Motion so manifestly frivolous as to permit the Court to deny it sua sponte before the government responded does not necessarily mean that Petitioner made a substantial showing of a constitutional violation in the § 2255 Motion. As explained above and in the December 2013 Order, jurists of reason would not debate whether Petitioner's constitutional rights were violated. *See* Dec. 2013 Order 22. Petitioner's ineffective assistance of counsel claims ultimately lack any merit. Therefore, under the standard announced in *Miller-El*, this Court correctly denied Petitioner a COA. The Court therefore did not commit any error of law in the December 2013 Order, much less a manifest one.

Thus, for the foregoing reasons, the Court denies the Motion for Reconsideration in its entirety.

## III.   CONCLUSION

The crux of the Motion for Reconsideration is that Petitioner thinks that he can escape punishment for the full amount of drugs involved in his offense simply because he pleaded to a lesser statutory offense. As amply explained here and in the December 2013 Order, this is incorrect. Petitioner knowingly and voluntarily signed the Plea Agreement and admitted to the Factual Basis describing an offense involving over 1,000 kilograms of marijuana. Petitioner cannot retract that admission now. Under the Sentencing Guidelines and applicable statutory law,

Petitioner's sentence is not excessive. Counsel therefore did not render ineffective assistance by failing to object on that ground, because "[f]ailure to raise meritless objections is not ineffective lawyering; it is the very opposite." *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994).

It is therefore **ORDERED** that the Motion for Reconsideration, ECF No. 178, is **DENIED**.

**SO ORDERED**.

**SIGNED this 4th day of March, 2014.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE